Joseph N. Casas [CSB No. 225800]
John V. Golaszewski*
**THE CASAS LAW FIRM, P.C.**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Telephone No.: (855) 267-4457
Facsimile No.: (855) 220-9626
E-Mail: joseph@talentrights.law
E-Mail: john@talentrights.law
*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| EVA PEPAJ,<br><br>             *Plaintiff*,<br><br>     - against -<br><br>SKIPLAGGED, INC,<br><br>             *Defendant*. | Case No.:<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

Plaintiff EVA PEPAJ ("Plaintiff" or "Pepaj") brings this action against defendant SKIPLAGGED, INC. ("Defendant" or "Skiplagged") and respectfully alleges as follows:

### BACKGROUND

1. This is an action for: (a) copyright infringement under Section 501 of the Copyright Act; and, (b) violation of Pepaj's statutory and common law rights of publicity under California law. Each claim arises out of Skiplagged's unauthorized reproduction and public display of a copyrighted video owned by, and containing the image and likeness of, Pepaj.

### JURISDICTION AND VENUE

2. This Court has original federal jurisdiction pursuant to 28 U.S.C. § 1331 because Pepaj has stated a claim under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has

supplemental jurisdiction over the California state law claims alleged herein pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Skiplagged based on its contact with the State of California. Skiplagged systematically conducts business in California and in this District. Skiplagged has purposefully availed itself of this forum soliciting business from California residents, selling flights to California residents, and offering and selling flights to, from, and within California.

4. The Court also has personal jurisdiction over Skiplagged because it has committed torts in this District and violated California statutory and common law in this District. By reason of the foregoing, Skiplagged could reasonably anticipate being brought into court in California.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(a) because a substantial part of the activities, conduct and damages giving rise to Pepaj's claims occurred in this District, where Pepaj resides.

6. All parties have minimum contacts with Los Angeles County, a significant portion of the alleged causes of action arose and accrued in Los Angeles County, California and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominantly located in Los Angeles County.

## PARTIES

*Plaintiff*

7. Plaintiff EVA PEPAJ is an individual residing in Los Angeles County, California.

*Defendant*

8. Defendant SKIPLAGGED, INC. is a Delaware corporation organized under Delaware law with a principal place of business located at 41 E. 11th Street, 9th Floor, New York, New York 10003. Skiplagged may be served with process through either (a) its Delaware registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801; or (b) its New York registered agent, Aktarer Zaman, 525 W.28th Street, Apt. 1158, New York, New York 10001.

## FACTUAL ALLEGATIONS

9. Pepaj is a well-known professional model, actress, and social media influencer and content creator who owns and operates the Instagram page Eva.Pepaj a/k/a Evaandjavier, located at https://www.instagram.com/eva.pepaj/?hl=en (the "Pepaj Instagram Page"). The page has 2.6 million followers. Her YouTube channel, shared with her husband, Javier Gabriel ("Gabriel") has over 3.22 million subscribers, and she has over 2 million followers on TikTok. Her Facebook page, the Eva and Javier Experience, https://www.facebook.com/people/The-Eva-and-Javier-Experience/100090430011041/?sk=reels_tab (the "Pepaj Facebook Page") has over 430,000 followers. Her work includes high fashion runway modeling, print features, and film roles. Pepaj has appeared in films such as The Hand Off, Interior, True Detective, Leather Bar and The Romp, and was a feature model in a national Diet Coke TV commercial campaign.

10. Pepaj regularly publishes short videos and comedic skits on the Pepaj Instagram Page, on the Pepaj Facebook Page, on YouTube, and on TikTok which feature herself and her husband, Gabriel

11. Some of these videos are paid partnerships with companies who have hired Pepaj to promote their brands and businesses and others are content which Pepaj has created and published without any promotional element.

12. On or about May 14, 2023, Pepaj published a satirical short video entitled "Woman's Plastic House Gets Destroyed on Flight!" (the "Video"). The Video is four minutes in length and involves Pepaj taking certain COVID-19 related precautions on an airplane, including wrapping her seats in saranwrap, being videoed by a fellow passenger for doing so, and subsequently getting into an altercation with a steward concerning her precautions.

13. A copy of the video can be found at https://www.facebook.com/100090430011041/videos/776048350568980/?extid=CL-UNK-UNK-UNK-IOS_GK0T-GK1C&mibextid=v7YzmG.

14. As of April 16, 2025, the Video has over 11 million views on Facebook.

15. Pepaj is the creator, author, and publisher of the Video and is the sole owner of all rights, title, and interest in and to the Video, including the copyright thereto.

16. Pepaj registered the Video with U.S. Copyright Office and was given registration number PA 2-424-727.

17. On or about May 22, 2023, Skiplagged published the Video on its Skiplagged Instagram page located at https://www.instagram.com/skiplagged/?hl=en (the "Skiplagged Instagram Page"). As of April 16, 2025, the Skiplagged Instagram Page has 104,000 followers.

18. On information and belief, Skiplagged uses the Skiplagged Instagram Page to market and promote Skiplagged, offer the Skiplagged product, and provide travel discounts.

19. Skiplagged thus utilizes the Skiplagged Instagram Page for its commercial and financial benefit.

20. Skiplagged did not license the Video from Pepaj for commercial use on the Skiplagged Instagram Page.

21. Skiplagged did not obtain Pepaj's consent or permission, in writing or otherwise, before publishing the Video on the Skiplagged Instagram Page and using it for its commercial benefit.

**FIRST CAUSE OF ACTION**
**(COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501)**

22. Pepaj hereby repeats and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

23. Skiplagged infringed on Pepaj's copyright in the Video by reproducing and publicly displaying the Video on its Website.

24. Skiplagged has not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Video.

25. Skiplagged's acts complained of herein constitute infringement of Pepaj's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by Skiplagged have been willful, intentional, purposeful, and in disregard of and indifference to Pepaj's rights.

27. As a direct and proximate cause of the infringement by Skiplagged of Pepaj's copyright and exclusive rights under copyright, Pepaj is entitled to damages and Skiplagged's profits pursuant to 17 U.S.C. § 504(b).

28. Alternatively, Pepaj is entitled to statutory damages up to $150,000 per work infringed upon for Skiplagged's willful infringement of the Video pursuant to 17 U.S.C. § 504(c).

29. Pepaj is further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**
**STATUTORY MISAPPROPRIATION OF PUBLICITY**
**[Violation of California Civil Code § 3344]**

30. Pepaj hereby repeats and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

31. Pepaj's image, persona, and likeness (collectively, "Image") was used by Skiplagged to promote its business and services on its website and/or social media pages.

32. This was done without Pepaj's consent or permission.

33. Skiplagged knowingly violated Pepaj's publicity rights by using her Image on Skiplagged's website and/or social media pages to market, promote, and advertise its business and services.

34. Skiplagged knowingly used Pepaj's Image without her permission to market, promote, and advertise Skiplagged.

35. Skiplagged's actions and conduct were in violation of California Civil Code § 3344.

36. Skiplagged's use of Pepaj's Image did not occur in connection with news, public affairs, or sports broadcast or account, or with a political campaign.

37. Skiplagged's use of the Pepaj's Image was directly connected to it commercial purposes and endeavors.

38. As a direct and proximate result of Skiplagged's conduct and misappropriation of the Pepaj's Image, Skiplagged profited.

39. As a direct and proximate result of Skiplagged's conduct and misappropriation of the Pepaj's Image, Pepaj was harmed by, *inter alia*, being denied the fair market value of Skiplagged's use of her image for commercial purposes.

40. Pepaj has been damaged by Skiplagged's unauthorized commercial use of the Video in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## COMMON LAW MISAPPROPRIATION OF PUBLICITY

41. Pepaj hereby repeats and re-alleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42. Skiplagged misappropriated the Video containing images of Pepaj and did so to promote, market, and advertise its business and services.

43. Skiplagged's misappropriation of Pepaj's Image was to Skiplagged's commercial advantage (and other advantages unknown at this time).

44. Skiplagged's conduct in misappropriating Pepaj's Image for its commercial advantage company was for the commercial marketing, promoting, and advertising of Skiplagged.

45. At no point in time did Pepaj, or anyone on her behalf, give Skiplagged consent to use her Image in any manner at all and Skiplagged lacked consent to use her Image.

46. Skiplagged invaded Pepaj's common law publicity rights by exploiting her Image when it published the Video on its website and/or social media pages.

47. Skiplagged did not pay Pepaj for the use of the Video

48. Pepaj has been damaged by Skiplagged's unauthorized commercial use of the Video in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

49. Pepaj demands a trial by jury.

///

**PRAYER FOR RELIEF**

WHEREFORE, Pepaj prays for judgment against Skiplagged as follows:

1. For actual damages, in an amount to be determined at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), relating to Pepaj's first through third causes of action;

2. For an order permanently enjoining Skiplagged from using the Video to promote the Skiplagged via any medium

3. For punitive damages, in an amount to be determined at trial;

4. For all costs and attorneys' fees incurred by Pepaj in this action (in an amount to be proven at trial);

5. For such other relief that this Court considers and deems just and proper;

6. For damages as provided in California Civil Code § 3344 (in an amount to be proven at trial);

7. For general damages (in an amount to be proven at trial);

8. For special damages (in an amount to be proven at trial);

9. For consequential and incidental damages (in an amount to be proven at trial);

10. For the amount due, owing, and unpaid to PLAINTIFFS (in an amount to be proven at trial plus interest rate at the legal rate);

11. For prejudgment interest (according to law).

Dated: May 13, 2025

Respectfully submitted,

**THE CASAS LAW FIRM, P.C.**

_____
Joseph N. Casas, Esq.
John V. Golaszewski, Esq.*
*Attorneys for Plaintiffs*
*Pro hac vice application forthcoming